**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**STEFANIE CASTRACANE**                                    **CIVIL ACTION NO.**

**VERSUS**

                                                           **23-385-SDD-EWD**

**AMRITPAL SINGH, SKS TRUCK**
**LINE, INC., AND UNITED SPECIALTY**
**INSURANCE COMPANY**

<u>**NOTICE**</u>

      Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in Baton Rouge, Louisiana, on December 5, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

STEFANIE CASTRACANE                                           CIVIL ACTION NO.

VERSUS

                                                             23-385-SDD-EWD

AMRITPAL SINGH, SKS TRUCK
LINE, INC., AND UNITED SPECIALTY
INSURANCE COMPANY

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

Before the Court is the Motion to Remand, filed by Stefanie Castracane ("Plaintiff").[1]

Because Amritpal Singh ("Singh"), SKS Truck Line, Inc. ("SKS"), and United Specialty Insurance

Company ("USIC") (collectively, "Defendants") filed their Notice of Removal timely, and because

Defendants have provided sufficient evidence to establish the amount in controversy, it is

recommended[2] that the Motion be denied.

**I.    BACKGROUND**

Plaintiff brought this civil action for damages based on the injuries she allegedly sustained

in an October 21, 2021 car accident (the "Accident").  Plaintiff alleges that she and a tractor-

semitrailer, driven by Singh, were both at a complete stop when "suddenly, and without warning"

the truck "began to reverse, crashing into the front" of Plaintiff's vehicle.[3]

On or about September 12, 2022, Plaintiff filed her Petition for Damages ("Petition") in

the Nineteenth Judicial District Court for the Parish of East Baton Rouge against Singh; SKS, the

owner of the truck driven by Singh; and their alleged insurer, USIC.  Less than a year later, on

---

[1] R. Doc. 5.

[2] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.")

[3] R. Doc. 1-2, pp. 2-3, ¶¶ 3-7.

May 17, 2023, Defendants removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332.[4]

Shortly after removal, Plaintiff filed the Motion, alleging that Defendants have failed to establish the requisite amount in controversy.[5] Plaintiff also contests the timeliness of removal.[6] Defendants oppose remand.[7]

## II.    LAW AND ANALYSIS

### A.  Legal Standard for Removal

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[8]  When jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[9]  The removing party has the burden of proving federal diversity jurisdiction.[10] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[11]  Remand is proper if at any time the court lacks subject matter jurisdiction.[12]

### B.  Removal Was Timely

Plaintiff contends, in a cursory argument, that Defendants did not timely remove the case within 30 days of their receipt of the Petition, citing § 1446(b).[13]  The United States Fifth Circuit Court of Appeals has established a bright line rule providing that the 30-day time period from a

---

[4] R. Doc. 1, ¶ 8.
[5] R. Doc. 5.
[6] R. Doc. 5-1, p. 2.
[7] R. Doc. 9.
[8] 28 U.S.C. § 1441(a).
[9] 28 U.S.C. § 1332(a)-(a)(1).
[10] *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[11] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[12] *See* 28 U.S.C. § 1447(c).
[13] R. Doc. 5-1, p. 2 ("As more than thirty days have passed since the defendants were served with initial pleadings setting forth plaintiff's claim, the Motion to Remove filed by defendants on May 17, 2023 is untimely.").

defendant's receipt of the initial pleading is only triggered "where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'"[14]  If a plaintiff wants the 30-day period to run from the defendant's receipt of the initial pleading, a plaintiff should place in that pleading "a specific allegation that damages are in excess of the federal jurisdictional amount."[15]

Plaintiff does not allege that her Petition contains any specific allegation that her damages exceed the federal jurisdictional amount, and a review of the Petition shows that it does not contain such an allegation.[16]  Rather, the Petition generally alleges the Plaintiff suffered "severe and disabling injuries," including an "acute neck injury" and an "acute back injury," and seeks damages including but not limited to physical pain and suffering; mental pain, anguish, and distress; medical expenses; loss of enjoyment of life; and lost wages.[17]  Further, Defendants note that they filed an Exception of Vagueness while this case was still pending in state court to force Plaintiff to state whether her damages were above the federal jurisdictional amount.  The exception was denied because Plaintiff said she did not know the full extent of her damages.  Under the circumstances, Defendants' point—that Plaintiff cannot now argue that the Petition was removable on its face— is well taken.[18]

While Louisiana law generally prohibits a plaintiff from specifying in a state court petition the amount of damages sought, the law permits a general allegation if damages are greater or less

---

[14] *Scott v. Office Depot, Inc*., No. 14-791, 2015 WL 2137458, at *3 (M.D. La. 2015), citing *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc*., 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)).

[15] *See Elkins v. Bradshaw*, No. 18-103, 2019 WL 2096126, at *2 (M.D. La. Apr. 24, 2019), report and recommendation adopted, No. 18-1035, 2019 WL 2092564 (M.D. La. May 13, 2019) (citations omitted).

[16] R. Doc. 1-2, pp. 2-6.

[17] R. Doc. 1-2, pp. 3-4, ¶¶ 7, 9-10. The Petition also alleges that the requisite amount for a jury trial is met. R. Doc. 1-2, p. 5, ¶ 17. However, as of January 1, 2021, the jury trial threshold in Louisiana state courts is only $10,000. *Myers v. Walmart Inc*., No. 21-02618, 2022 WL 2682109, at *1, n.1 (W.D. La. June 10, 2022), report and recommendation adopted, 2022 WL 2679603 (W.D. La. July 11, 2022), citing La. Code Civ. Proc. art. 1732, 2020 La. Sess. Law Serv. 1st Ex. Sess. Act 37 (H.B. 57).

[18] *See* R. Doc. 9, p. 4.

than the amount necessary to establish federal jurisdiction.[19] Because Plaintiff's Petition does not contain the specific allegation that her damages exceed the amount for federal jurisdiction, the 30-day period for removing the case was not triggered by Defendants' receipt of Plaintiff's Petition.[20] Accordingly, the Notice of Removal was timely filed.

### C.  Removing Defendants Have Established, by a Preponderance of the Evidence, that the Amount in Controversy Likely Exceeds $75,000, Exclusive of Interest and Costs

Plaintiff primarily contends that remand is appropriate because Defendants failed to satisfy their burden of proving the requisite amount in controversy.  The Fifth Circuit has established an analytical framework for resolving disputes concerning the amount in controversy in cases like this one, where plaintiffs in Louisiana state courts are prohibited from specifying the numerical value of the damage claim.[21] Under that framework, the removing defendant must establish by a preponderance of the evidence that the amount in controversy likely exceeds $75,000, exclusive of interest and costs. This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount.[22] Once a removing defendant has established that the amount in controversy exceeds the federal jurisdictional amount, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.[23]

---

[19] La. Code Civ. Proc. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[20] *See Scott*, 2015 WL 2137458, at *4.  Defendants contend that the 30-day removal clock was triggered by receipt of Plaintiff's Responses to Requests for Admissions, Interrogatories, and Requests for Production of Documents on April 20, 2023, and Plaintiff's medical records and bills, which they received on May 3, 2023. R. Doc. 9, pp. 4-5. Less than 30 days passed between Defendants' receipt of this information and the filing of the Notice of Removal on May 17, 2023.
[21] *Luckett*, 171 F.3d at 298.
[22] *Manguno,* 276 F.3d at 723.
[23] *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

1.  <u>The Amount in Controversy is Not Facially Apparent in the Petition</u>

As noted above, Plaintiff's Petition only vaguely alleges severe neck and back injuries and seeks garden variety damages because of the Accident.[24] Courts have routinely held that pleading general categories of damages, without any indication of the amount of damages sought does not provide sufficient information for a removing defendant to meet the burden of proving that the amount in controversy is satisfied under the "facially apparent" test.[25] Nor does the Petition provide any information regarding Plaintiff's claimed medical expenses or lost wages. "If the complaint is vague with regard to the types of injuries, medical expenses incurred, and future medical problems resulting from the incident, the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000."[26]

Plaintiff's Petition also includes an allegation that her damages exceed the requisite amount for a trial by jury.[27]  However, even when the jurisdictional limit for jury trials in Louisiana was $50,000, courts found that the presence of a jury demand was not dispositive regarding amount in controversy.  Now, with the drastically lower jurisdictional limit for jury trials in Louisiana, the presence of a jury demand in a petition warrants even less weight.  Additionally, while a plaintiff's

---

[24] R. 1-2, pp. 4-6, ¶¶9, 10, 16, & prayer for relief.
[25] *Davis v. JK & T Wings, Inc*., No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cited cases.
[26] *Broadway v. Wal-Mart Stores, Inc*., No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000), citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999). *See also Torres v. Mall of Louisiana, LLC*, No. 17-466, 2017 WL 6884347, at *3 (M.D. La. Dec. 5, 2017) ("While Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to her alleged damages. Thus, it is not facially apparent from the Petition that the amount in controversy is likely to exceed $75,000."); *Tucker v. Cincinnati Ins. Co*., No. 17-414, 2017 WL 5762436, at *3 (M.D. La. Aug. 24, 2017) ("Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."), quoting *Davis*, 2012 WL 278728, at *3.
[27] R. 1-2, page 5, ¶17.

failure to include a statement in the Petition that the federal jurisdictional amount in not met is a factor to be considered, that is also insufficient to establish the amount in controversy.[28]

> 2. <u>Defendants Have Presented Sufficient Summary Judgment-Type Evidence to Establish Amount in Controversy by a Preponderance of the Evidence</u>

Since it is not facially apparent from the Petition, the Court next considers whether Defendants have met their burden of proving, through summary judgment-type evidence, that the amount in controversy is likely to exceed $75,000, exclusive of interest and costs. First, Plaintiff argues in support of remand that Defendants have not sufficiently proven the $36,915.43 in medical expenses she has incurred to date relate to the Accident, as Plaintiff has been in eight car accidents, four of which resulted in bodily injury claims.[29] However, Defendants' Notice of Removal attaches the following discovery response from Plaintiff, where she relates the $36,915.43 in past medical specials to the Accident:[30]

> **INTERROGATORY NO. 18:**
> Please list and describe all the elements of damages which you claim to have suffered **as a result of the accident which is the subject matter of this litigation**. For any element of damages listed, please state the amount of compensation which you contend you are entitled to be awarded at trial and your basis for the same. [Emphasis added].

> **ANSWER TO INTERROGATORY NO. 18**
> Objection as to prematurity, as being vague, overbroad and unduly burdensome. Fir [sic] further response, the plaintiff directs defendants to her original Petition for Damages, which outlines and itemizes specific damages sought for injuries she sustained in the subject loss. The plaintiff has not calculated the total value of her general or special damages to date. **She has, however, incurred $36,915.43 in past medical specials to date**.
> The plaintiff reserves the right to amend and supplement as discovery is ongoing and as additional information becomes available. [Emphasis added].

---

[28] *See, e.g., Batiste v. Stryker Corp.*, No. 19-574, 2020 WL 2245845, at *4 (M.D. La. April 22, 2020), report and recommendation adopted, No. 19-574, 2020 WL 2296892 (M.D. La. May 7, 2020) ("While this Court has repeatedly held that a demand for jury trial and a lack of Article 893 allegation are insufficient alone to establish amount in controversy, they are factors to be considered.")(citation omitted).
[29] R. Doc. 5-1, p. 4.
[30] R. Doc. 1-4, p. 10.

Additionally, Plaintiff's Answer to Interrogatory No. 8 references the medical records and bills submitted by Defendants in opposition to remand, which she, again, relates to the Accident, as the interrogatory requests an itemization of expenses incurred "as a result of the injury(ies) in the alleged accident."[31] These discovery responses sufficiently establish that the $36,915.43 in medical expenses Plaintiff has incurred to date are properly considered in the analysis of whether the jurisdictional limit is met in in this case.

Plaintiff also relies on her Answer to Interrogatory No. 16--that her medical treatment is on "hold" due to her pregnancy--to support her argument that amount in controversy is not met.[32] Plaintiff does not explain how this argument helps her position because she also states that she is experiencing "ongoing problems and complaints pertaining to her cervical and lumbar spine"[33] and claims to have suffered damages for future medical expenses in the Petition.[34] Plaintiff's response to Interrogatory No. 16 merely suggests that she is deferring future treatment until after the birth of her child. It does not establish that she is no longer pursuing this item of damages.

Plaintiff also points to her Answer to Interrogatory No. 17 that she is no longer seeking lost wages in the litigation.[35] However, even without the lost wage claim, Plaintiff is still seeking past, present, and future damages for physical pain and suffering; mental pain, anguish, and distress, medical expenses, and loss of enjoyment of life, in addition to the over $36,000 in medical expenses she has already incurred that she has related to the Accident. Plaintiff also declined to admit that she was seeking less than the federal jurisdictional limit in her response to Defendants' request for admissions and her Petition lacked a general allegation that her damages are below the

---

[31] R. Doc. 1-4, p. 4.
[32] R. Doc. 5, p. 3, citing R. Doc. 1-4, p. 9.
[33] R. Doc. 1-4, p. 4. (Answer to Interrogatory No. 8).
[34] R. Doc. 1-2, p. 4, ¶10(C).
[35] R. Doc. 5, p. 3, citing R. Doc. 1-4, p. 9.

federal jurisdictional minimum, as permitted by La. Code Civ. Proc. art. 893(A)(1).[36] While not dispositive, these are factors to be considered in determining whether the jurisdictional limit is met.[37]

Finally, Plaintiff cites several Louisiana state court decisions to contend that general damage awards in cases involving multiple bulging discs often do not result in awards of more than $30,000-$45,000.[38] As an initial matter, it is noted that a general damage award of $45,000—the uppermost number cited by Plaintiff—in addition to her already-incurred medical expenses of $36,000, would exceed the federal jurisdictional limit, *vel non*. Additionally, the cases upon which Plaintiff relies are distinguishable as is often the case with quantum case reviews. For example, in *Clement v. Carbon*,[39] the plaintiff stipulated in the lower court that her damages did not exceed $50,000; the plaintiff only incurred $9,434 in medical expenses; and the general damage award was rendered by the appellate court on a reversal, as the trial court had ruled in favor of the defendant and found the plaintiff was not credible.[40] While federal district courts have previously held that the removing defendant did not meet its burden of providing the amount in controversy where the plaintiff suffered disc bulging or herniation without operation, many of those cases involved less than $15,000 in medical expenses at the time of removal.[41] In this case, Plaintiff has already incurred over $36,000 in medical expenses that she seeks to recover as a result of the Accident.

---

[36] When asked whether she would admit that her claims in the litigation did not exceed the federal jurisdictional limit, Plaintiff responded as follows R. Doc. 1-3, p. 1):

> **ANSWER TO REQUEST FOR ADMISSION NO. 1:**
> Denied for lack of sufficient information to justify a belief therein. The plaintiff reserves the right to amend and supplement as discovery is ongoing and as additional information becomes available.

[37] *Batiste*, 2020 WL 2245845, at *4.
[38] R. Doc. 5-1, p. 5.
[39] No. 13-827 (La. App. 5 Cir. 4/9/14), 153 So.3d 460.
[40] *Clement*, 153 So.3d at 466.
[41] *See Cryer v. Maddox*, No. 23-241, 2023 WL 5835976, *4 (M.D. La. 2023), report and recommendation adopted, 2023 WL 5831845 (M.D. La. Sep. 8, 2023 (remanding case where plaintiff allegedly sustained two disc bulges and had incurred past medical expenses of $16,389,90, and collecting cases finding amount in controversy not satisfied where incurred medical expenses were less than $15,000 at the time of removal).

Because the fact finder has discretion in determining an appropriate amount of damages based upon the facts of each individual case, monetary awards in previous cases are not generally sufficient to establish the likely amount in controversy. The pertinent inquiry is whether the Defendants have pointed to facts *in this case* to establish that the amount in controversy likely exceeds $75,000.[42]  Plaintiff's past medical expenses of over $36,000, along with her discovery responses and medical records, which corroborate allegations of ongoing pain and anticipated future medical expenses, when considered in connection with Plaintiff's failure to include a statement in her Petition that her damages are less than the federal jurisdictional amount, and her refusal to admit that her damages are less than the jurisdictional limit in her response a Request for Admission, are sufficient evidence to establish Defendants' burden that the requisite amount in controversy is met in this case.

> ### D.  Plaintiff Has Not Established to a Legal Certainty that the Amount in Controversy Is Less Than $75,000

Even if a defendant meets its burden of proof, remand is still proper if the plaintiff demonstrates that it is legally certain her recovery will not exceed the jurisdictional amount.[43] A plaintiff can meet this burden by filing a pre-removal binding stipulation or affidavit affirmatively renouncing her right to accept a judgment in excess of $75,000.[44] Plaintiff has not submitted such a stipulation here.

## III.    CONCLUSION AND RECOMMENDATION

Defendants timely removed this case and, while the amount in controversy is not facially apparent from the Petition, Defendants have met their burden of proving by a preponderance of

---

[42] *See, e.g., Silva v. Hartford Insurance Company of the Midwest*, No. 15-5844, 2016 WL 4501288, *5 (E.D. La. August 29, 2016).
[43] *Richey v. Wal-Mart Stores, Inc*., 390 Fed.Appx. 375, 379 (5th Cir. 2010), citing *DeAguilar.*, 47 F.3d at 1409 (superseded by statute on other grounds).
[44] *DeAguilar,* 47 F.3d at 1412, citing *In re Shell Oil Co*., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam).

the evidence that the amount in controversy likely exceeds $75,000, exclusive of interest and costs, based on documentation of Plaintiff's past medical expenses of more than $36,000, discovery responses and medical records corroborating Plaintiff's allegations of ongoing pain and anticipated future medical treatment, considered in connection with Plaintiff's failure to state in her Petition that her damages are less than $75,000, and her refusal to admit that her damages are less than the federal jurisdictional limit in response a Request for Admission.  In response, Plaintiff has not proven to a legal certainty that amount in controversy is lacking.

Because the Court has subject matter jurisdiction over the claims asserted in this litigation under 28 U.S.C. § 1332, **IT IS RECOMMENDED** that the Motion to Remand, filed by Plaintiff Stephanie Castracane, be **DENIED**, and that this matter be referred for entry of a scheduling order.

Signed in Baton Rouge, Louisiana on December 5, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**